12-3845-cv
*Campbell v. United States, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

---

FREDERICK B. CAMPBELL,

> *Plaintiff-Appellant,*

> > v.                                        No. 12-3845-cv

UNITED STATES, JACOB J. LEW, Secretary of the Treasury,

> *Defendants-Appellees.**

---

**FOR PLAINTIFF-APPELLANT:**          FREDERICK B. CAMPBELL, *pro se*, New York, NY.

---

* The Clerk of Court is directed to amend the caption, pursuant to Federal Rule of Appellate Procedure 43(c)(2), to reflect that Secretary of the Treasury Jacob J. Lew has been substituted automatically for former Secretary Timothy F. Geithner.

**FOR DEFENDANT-APPELLEES:** CHRISTOPHER B. HARWOOD, Sarah S. Normand, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a July 31, 2012 judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Frederick B. Campbell ("Campbell"), an attorney proceeding *pro se*, instituted this action before the District Court seeking a declaration that §§ 106 and 162(1) of the Internal Revenue Code ("IRS Code") (codified at 26 U.S.C. §§ 106, 162(l)), allowing for certain tax exemptions and deductions related to health insurance, are unconstitutional.[1] In a well-reasoned opinion of July 30, 2012, the District Court found that Campbell had not alleged an injury sufficient to confer standing under Article III of the Constitution and dismissed Campbell's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Campbell now appeals that judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of a motion to dismiss a complaint pursuant to Rule 12(b)(1) *de novo*, accepting as true factual allegations made in the complaint, and drawing all reasonable inferences in favor of the plaintiff. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). "[A] court is ordinarily obligated to afford special solicitude to *pro se* litigants" based on "[t]he rationale . . . that a pro se litigant generally lacks both legal training and experience." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, as "a lawyer representing himself[,] [Campbell] receives no such solicitude at all." *Id.* at 102.

After an independent review of the record and relevant case law, we affirm the judgment of the District Court, substantially for the reasons articulated in its opinion of July 30, 2012. In particular, we note that "to have Article III standing [a plaintiff] 'must have suffered an injury in fact' that is 'concrete and particularized,' 'actual or imminent,' and 'fairly traceable to the challenged action,'" *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 329 (2d Cir. 2013) (quoting *Lujan*

---

[1] Section 106 of the IRS Code allows individuals who are employed by third-parties to reduce their tax liability by excluding the cost of health insurance from their income. *See* 26 U.S.C. § 106(a) (stating that "except as otherwise provided . . . [the] gross income of an employee does not include employer provided coverage under a[] . . . health plan). Section 162(l) similarly allows self-employed individuals to deduct the cost of health-insurance premiums from their income taxes. *See id.* § 126(l).

2

*v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and alterations omitted)), and that Campbell has not demonstrated that he suffered any such injury in fact.

Accordingly, we **AFFIRM** the July 31, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3